In the Matter of CLARENCE J. HAND, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 9, 1943.

*S. C. Lewis* of counsel (*Einar Chrystie*, attorney), for petitioner.

*Tibbetts, Lewis, Lazo & Welch*, attorneys, for respondent.

*Per Curiam.* The respondent, as sole surviving executor and trustee of one Richard H. Mount, deceased, by a decree entered

December 22, 1939, in the Surrogate's Court of Kings County, was surcharged with and directed to pay over the sum of $44,299.59. Of this sum $36,000 represented an illegal investment of trust funds in the capital stock of a corporation in which the respondent and the deceased co-trustee were personally interested. The respondent failed to comply with the decree. Instead, and in order to avoid apprehension under an order of commitment, he deliberately absented himself from the State. It was not until after the institution of this disciplinary proceeding that a settlement was effected by the payment of $27,000 by him. This payment was obtained by virtue of the fact that a brokerage account in the name of his wife was discovered and attached.

In another proceeding in the Surrogate's Court of Westchester County, in which the respondent was accounting as guardian of Elizabeth Jane Mount, he was requested to and agreed to produce various records and documents at the next hearing. However, concededly because of his fear that he might be committed for contempt because of his failure to comply with the aforesaid decree entered in the Richard H. Mount accounting proceeding, he deliberately absented himself from the State and attended no further hearings and failed to produce and submit any of the requested records.

Following the entry of the aforesaid decree a third-party order in supplementary proceedings was served on the New York Trust Company prohibiting the transfer of any property in its possession belonging to the respondent. The latter thereafter brought on a motion at Special Term whereby he sought leave to withdraw the sum of $350.52 from an account in said bank in his name upon the claim that it represented the proceeds of a check which actually belonged to a corporation known as DeLuxe S. C. Inc. In support of said motion he submitted affidavits made by himself and an employee to the same effect. Said statements were false and deliberately designed to obtain relief to which the respondent was not entitled.

It further appears that the respondent in an action brought on behalf of the Mount interests against the Hannagan Realty Company and Clem Realty Company to foreclose mortgages aggregating $500,000 on certain property located on East One Hundred Seventy-seventh street, in the borough of the Bronx, appeared as attorney for the Hannagan Company and verified the answer of the Clem Company as vice-president. He permitted both of these companies, in which he owned one third of the capital stock, to deny that the estate of Charlotte A. Mount was the

owner of the mortgages and to allege in defense of the action that the mortgages had been duly assigned by Edward H. Mount, a deceased trustee, to the Clem Realty Company. The assignment relied upon purports to have been executed by Edward H. Mount. It was not, however, acknowledged by him. It was acknowledged by the respondent as subscribing witness several weeks after the death of Edward H. Mount and recorded. The respondent did not appear or testify upon the trial of the foreclosure action. The trial court held that if the assignment had in fact been executed by the deceased trustee, it was entirely without consideration and void. The trial court, in rendering a decision in favor of the plaintiff, stated: " Let the record show that the disclosures made upon this record are a shock to the conscience of the court. It requires no diagnostician to find that the activities engaged in here by Mr. Hand not only discloses a strong hand, but a strong arm, and I am not certain but what they come very close to crime, if they do not actually constitute crime. My opinion is that they should not end with this decision. This case should be drawn to the attention of the authorities having to do with criminal justice."

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Respondent disbarred.